1  THEODORE R. SCOTT, Bar No. 108849
   tscott@littler.com
2  DENISE M. VISCONTI, Bar No. 214168
   dvisconti@littler.com
3  ALLISON C. WILLIAMS, Bar No. 285937
   acwilliams@littler.com
4  LITTLER MENDELSON, P.C.
   501 W. Broadway, Suite 900
5  San Diego, CA  92101.3577
   Telephone:  619.232.0441
6  Facsimile:  619.232.4302

7  Attorneys for Defendant
   RADY CHILDREN'S HOSPITAL- SAN
8  DIEGO

9

                    UNITED STATES DISTRICT COURT
10
                  SOUTHERN DISTRICT OF CALIFORNIA
11

12  DAVID SKILLIN, on behalf of himself    Case No. **'14CV1057 BTM BLM**
    and other similarly situated current or
13  former employees of RADY              Superior Court of San Diego
    CHILDREN'S HOSPITAL – SAN             Case No.  37-2014-00008730-CU-OE-
14  DIEGO,                                CTL

15                    Plaintiff,          **NOTICE TO FEDERAL COURT OF
                                          REMOVAL OF CIVIL ACTION
16  v.                                    FROM STATE COURT PURSUANT
                                          TO 28 U.S.C. SECTIONS 1331, 1441
17  RADY CHILDREN'S HOSPITAL -            AND 1446**
    SAN DIEGO,
18                                        Complaint Filed:  March 26, 2014
                      Defendant.
19

20

21  TO THE CLERK OF THE ABOVE ENTITLED COURT, PLAINTIFF DAVID

22  SKILLIN AND HIS ATTORNEYS OF RECORD:

23         PLEASE TAKE NOTICE that Defendant Rady Children's Hospital - San

24  Diego, ("Defendant") hereby removes this action from the Superior Court of the State

25  of California for the County of San Diego, Central Division to the United States

26  District Court for the Southern District of California, pursuant to 28 U.S.C. §§1331,

27  1441(a) and (c) and 1446 (a), (b) and (d). This removal is based on federal question

28  jurisdiction, since Plaintiff's claims substantially depend upon the interpretation of a

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

collective bargaining agreement and are preempted under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, *and* Plaintiff's Complaint purports to state a claim that falls under the preemptive scope of ERISA, section 502, inasmuch as an employee benefit plan as defined by ERISA, 29 U.S.C. section 1002(3) and 28 U.S.C. §§ 1331, and 1441(a) and (c).

## I.
## JURISDICTION AND VENUE

This Court has original jurisdiction under 29 U.S.C. § 185 and 29 U.S.C. 29 U.S.C. § 1001 *et seq.*, and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a) and (c), in that it is a civil action that presents a federal question. As set forth below, this case meets all of Section 1331's requirements for removal, and is timely and properly removed by the filing of this Notice.

Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391 and 1446. This district and division embraces the County of San Diego where the action is pending in the Superior Court of California, County of San Diego. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

## II.
## STATUS OF PLEADINGS

On or about March 26, 2014, Plaintiff filed his Complaint asserting two purported causes of action: (1) alleged unlawful deductions in violation of California Labor Code §§ 221-224 and (2) inaccurate wage statements in violation of California Labor Code § 226. Each of Plaintiff's claims substantially depends on the interpretation of the Collective Bargaining Agreement ("CBA") and/or the review or enforcement of the ERISA 403(b) retirement plan. Plaintiff filed his Complaint as a representative action under California Labor Code § 2699 and seeks to represent not only himself, but all others similarly situated, with the relevant time period alleged to be from January 1, 2014 through the present.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                 2.

On or about March 28, 2014, Plaintiff served the Summons, Complaint, Civil Case Cover Sheet, General Order of Presiding Department: In Re Procedures Regarding Electronic Filing, Electronic Filing Requirements of the San Diego Superior Court, Notice of Case Assignment and Case Management Conference, Notice of Eligibility to eFile and Assignment to Imaging Department, Alternative Dispute Resolution (ADR) information, and Stipulation Use of Alternative Dispute Resolution on Defendant. All documents served upon Defendant are attached hereto as Exhibit "A." (Declaration of Allison Williams ("Williams Decl.") ¶ 2.)  On or about April 2, 2014, Plaintiff filed his Proof of Service of Summons. The Proof of Service of Summons is attached hereto as Exhibit "B." (Williams Decl. ¶ 3.)  On or about April 25, 2014, Defendant filed an Answer to the Complaint, attached as Exhibit "C." (Williams Decl. ¶ 4.)

To Defendant's knowledge, as of the date of this Notice of Removal, no other parties have been named or served with the Summons and Complaint in this action. (Williams Decl. ¶ 5.)

To Defendant's knowledge, no proceedings, aside from the initial case management conference set for September 5, 2014, have been scheduled or held in this case in the Superior Court of California, County of San Diego. (Williams Decl. ¶ 6.)

## III.
## NOTICE TO THE COURT AND PARTIES

Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal to Federal Court shall be filed contemporaneously with the Clerk of the Court for the Superior Court of the County of San Diego, California, and a copy will be served on Plaintiff's counsel of record.

/ / /

/ / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION          3.

IV.
## DEFENDANT'S REMOVAL IS TIMELY

This Notice of Federal Court of Removal of Civil Action from State Court is timely filed pursuant to 28 U.S.C. § 1446(b). Defendant filed this Notice within 30 days after Defendant was served with the Complaint and within one year after commencement of this action.

V.
## REMOVAL IS PROPER

### A.    Complete Preemption Pursuant to the Employment Retirement Income Security Act

This Court has original jurisdiction of this action pursuant to the provisions of 28 U.S.C. section 1331, 28 U.S.C. section 1441(c), and 29 U.S.C. section 1132(a) (Employee Retirement Income Security Act ("ERISA") section 502(a)) and is one that may be removed to this Court pursuant to 28 U.S.C. section 1441(b).

District courts have original jurisdiction over an action founded on a claim arising under the Employee Retirement Income Security Act of 1974 ("ERISA), 29 U.S.C. § 1001 *et seq*. Following exhaustion of all administrative remedies, a plan participant or beneficiary seeking judicial review of a benefit determination or alleged ERISA violations may bring suit in the district court of the United States for the judicial district in which he or she resides or where the events giving rise to the claim allegedly occurred.   29 U.S.C. § 1132(e).   Additionally, all district courts of the United States have exclusive jurisdiction over civil actions brought by a participant or beneficiary to enforce other rights arising under the ERISA statutes. *Id.*; *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990).

Congress deliberately endowed ERISA with a broad preemptive scope.   The statute displaces "any and all State laws" insofar as they "relate to" an ERISA-governed plan. 29 U.S.C. § 1144(a); *Ingersoll-Rand*, 498 U.S. at 138.   The Supreme Court has given the phrase "relate to" an expansive interpretation – a law "relates to" an ERISA plan "if it has a connection with or reference to such a plan." *Shaw v. Delta*

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    4.

1  *Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983). ERISA completely preempts state law

2  causes of action that offer remedies for the violation of rights expressly guaranteed by

3  ERISA and which are exclusively enforced by ERISA' civil enforcement mechanism,

4  ERISA § 502(a), 29 U.S.C. § 1132(a). *Tingley v. Pixley-Richards West, Inc.*, 953 F.2d

5  1124, 1130 (9th Cir. 1991).  Put another way, in *Ingersoll-Rand*, the Court noted that

6  "when it is clear or may fairly be assumed that the activities which a State purports to

7  regulate are protected by § 510 of ERISA, due regard for the federal enactment

8  requires that state jurisdiction must yield."   498 U.S. at 145 (internal citations

9  omitted).  The Supreme Court has consistently recognized "complete preemption" as

10  an exception to the well-pleaded complaint rule, and has upheld the propriety of

11  removal of ERISA claims artfully pled as state law claims where those claims

12  implicate ERISA's civil enforcement scheme.  *See Metropolitan Life Ins. Co. v.*

13  *Taylor*, 481 U.S. 58, 66 (1987) ("causes of action within the scope of the civil

14  enforcement provisions of § 502(a) [are] removable to federal court"); *Aetna Health,*

15  *Inc. v. Davila*, 542 U.S. 200, 207, 209 (2004) ("[A]ny state-law cause of action that

16  duplicates, supplements, or supplants ERISA civil enforcement remedy conflicts with

17  the clear congressional intent to make the ERISA remedy exclusive and is therefore

18  pre-empted.")

19       Plaintiff's Complaint purports to state a claim that falls under the preemptive

20  scope of ERISA, section 502, inasmuch as an employee benefit plan as defined by

21  ERISA, 29 U.S.C. section 1002(3), is essential to Plaintiff's causes of action for

22  purportedly wrongful deductions and inaccurate wage statements.  Although Plaintiff

23  did not specifically alleged an ERISA claim, this Court has ample authority to re-

24  characterize his causes of action as a claim arising under ERISA pursuant to the

25  doctrine of "artful pleading."  *See Milne Employees Ass'n v. Sun Carriers, Inc.*, 960

26  F.2d 1401, 1406 (9th Cir. 1991); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212

27  (9th Cir. 1980); *Hansen v. Blue Cross of California*, 891 F.2d 1384, 1387 (9th Cir.

28  1989); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S.Ct. 1542, 95 L.Ed.2d 55

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441
NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    5.

1   (1987); *Mass. Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 140, 105 S.Ct. 3085, 87

2   L.Ed.2d 96 (1985) (preemption of state law claim where employer compliance with

3   ERISA plan is challenged.)

4          Plaintiff alleges that Defendant maintained an improper policy that wrongfully

5   deducted an unauthorized percent of plaintiff's wages and credited them into his

6   403(b) retirement account. (Complaint ¶¶ 6-15.) Plaintiff claims that under the

7   Defendant's 403(b) ERISA plan, employees, including Plaintiff, "had the option of

8   choosing either a percent of salary or a fixed amount of money to be deducted from

9   their paychecks and credited to their 403(b) retirement accounts." (Complaint ¶ 6.)

10  As a result, Plaintiff and other employees "exercised their option to have a fixed

11  amount of money deducted from their paychecks and credited to their 403(b)

12  retirement accounts by providing [Defendant] with written authorization to only

13  deduct a specific amount of money from each paycheck." (Complaint ¶ 6.) Plaintiff

14  alleges that Defendant "implemented a change whereby deductions for employees'

15  403(b) accounts became a percent of the employees' salaries." (Complaint ¶ 7.) He

16  further alleges that the amounts taken from his paycheck and deposited into his 403(b)

17  plan exceeded Defendant's authority and he has suffered injury as a result. (Complaint

18  ¶¶ 9-14.) Plaintiff complains that his ability to obtain the funds is now prohibited, or

19  at the very least, subject to significant penalties under 403(b) should he try to

20  withdrawal the amount. (Complaint ¶ 14.) Because Plaintiff is entitled to 403(b)

21  benefits only by and through a benefit plan under ERISA, his claims fall under the

22  preemptive scope of ERISA. Additionally, the amount deducted from his pay and

23  invested in his 403(b) plan, and whether or not he is able to withdraw such funds from

24  his 403(b) retirement account without penalty, are further governed by the 403(b)

25  benefit plan under ERISA.

26  / / /

27  / / /

28  / / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                6.

1    Inasmuch as Plaintiff and the putative class members he seeks to represent
2    make a claim for benefits under an ERISA "benefit plan" or claim that Defendant
3    failed to comply with the 403(b) ERISA retirement plan, Plaintiff's claims are
4    preempted by ERISA and this Court has original jurisdiction to hear those claims.

5    **B.    Plaintiff's Employment Was At All Times Governed By A CBA.**

6    This Court also has original jurisdiction under 28 U.S.C. § 1331, and is one
7    which may be removed to this Court by Defendant pursuant to the provisions of 28
8    U.S.C. § 1441(b) because Plaintiff's claims require substantial interpretation of a
9    collective bargaining agreement ("CBA") between an employer and a union or are
10   substantially dependent upon that CBA.    Therefore, the action is also entirely
11   preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29
12   U.S.C. § 185.

13   Effective July 1, 2013, Defendant entered into a collective bargaining
14   agreement ("Rady CBA") with the United Nurses of Children's Hospitals – Technical
15   Division ("UNOCH").  (Declaration of Tami Denney ("Denney Decl.") ¶ 2, Ex. A.).
16   The Rady CBA provides:

> **Section 1801. Continuation of Plans**: Except as hereinafter
> provided, RCHSD shall maintain, during the term of this
> Agreement, for all employees who began employment prior to
> July 1, 2014, the defined benefit pension plan and the
> retirement savings plan that it had in effect on the effective date
> of this Agreement, or substantially equivalent plans. If, during
> the term of this Agreement, eligible employees of RCHSD who
> began employment prior to July 1, 2014 who are not subject to
> a collective bargaining agreement receive enhancements in
> either such plan, or a change resulting from legal requirements,
> RCHSD may implement the same change for bargaining unit
> employees. RCHSD shall give UNOCH thirty (30) calendar
> days prior written notice before implementing such change.
> Two members of UNOCH leadership will be invited to
> participate in a plan redesign meeting prior to a final decision
> by RCHSD regarding implementation of any such change.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                7.

**Section 1802. Eligibility**: The requirements for eligibility and participation in each such plan shall be governed by the terms of said plan and may be modified from time to time in accordance with the terms of the plans.

**Section 1804. 403b Plan:** RCHSD and UNOCH agree as follows:

> 1. Unless a newly hired employee who begins employment prior to July 1, 2014 opts out, Rady Children's Hospital – San Diego (RCHSD) will enroll automatically all such newly hired employees in the 403(b) plan. Unless a different amount is authorized, the rate of salary deduction will be 3%.

> 2. Should RCHSD change vendors and/or fund options for the 403(b), UNOCH will agree to such changes.

> The employer match for the 403(b) plan will be funded on no less than a monthly basis.

**Section 1805. 403b Plan Contributions For New Hires**: All employees who begin employment on or after July 1, 2014 and who are eligible to participate in the 403b Plan shall receive a dollar-for-dollar match from RCHSD for all amounts contributed to the Plan by the employee, up to a maximum of 3% of employee's total annual earnings. RCHSD shall also contribute to such employee's account a total of 1% of such employee's annual earnings (no employee contribution required). The employer match will vest at three years per the terms of the plan.

(Denney Decl. ¶ 2, Ex. A, pg. 24-25.)

At all relevant times Plaintiff has been a member of UNOCH. (Denney Decl. ¶ 3.) UNOCH is a labor organization in which certain employees of Defendant participate and which exists for the purpose of dealing with employees concerning grievances, labor disputes, wages, rates of pay, hours of employment, and conditions of work. (*Id.*)

At all relevant times, a CBA entered into by and between UNOCH and

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1   Defendant has governed the terms and conditions of Plaintiff's employment. (Denney

2   Decl. ¶ 4.) At all relevant times, the CBA has been and is a contract between an

3   employer and a labor organization within the meaning of Section 301(a) of the

4   LMRA, 29 U.S.C. § 185(a).

   **1.    Plaintiff's Claims Are Preempted By The LMRA Because They Require Substantial Interpretation Of the Rady CBA.**

   **a.    Plaintiff's Failure to Reference Section 301 Of The LMRA In His Complaint Does Not Preclude Removal.**

8   A plaintiff may not be permitted to "artfully plead" his complaint to conceal the

9   true nature of the complaint. *See Federal Tax Bd. v. Construction Laborers Vacation*

10   *Trust for Southern Cal.*, 463 U.S. 1, 22 (1983); *Schroeder v. Trans World Airlines,*

11   *Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), *overruled on other grounds, Moore-Thomas v.*

12   *Alaska Airlines, Inc.*, 553 F.3d 1241, 1246 (9th Cir. 2009). Thus, the fact that Plaintiff

13   has not made specific reference to Section 301 of the LMRA in his Complaint will not

14   preclude removal. *Milne Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406

15   (9th Cir. 1991); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980).

16   This Court may properly look beyond the face of the Complaint to determine whether

17   the claims asserted are preempted by Section 301. *See Lippitt v. Raymond James*

18   *Financial Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court

19   may properly look to the facts stated in the Notice of Removal "to clarify the action a

20   plaintiff presents and to determine if it encompasses an action within federal

21   jurisdiction." *Schroeder*, 702 F.2d at 191.

22   An artfully pled state law claim is properly "recharacterized" as a federal claim

23   under the "complete preemption" doctrine, which provides that the preemptive force

24   of Section 301 of the LMRA "converts an ordinary state law complaint into one

25   stating a federal claim for purposes of the well-pleaded complaint rule" and is

26   removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987);

27   *Federal Tax Board*, 463 U.S. at 23 ("[I]f a federal cause of action completely

28   preempts a state cause of action, any complaint that comes within the scope of the

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    9.

1    federal cause of action necessarily 'arises' under federal law").

2             b.    **Plaintiff's Claims Are Substantially Dependent On**
3                   **Interpretation And Analysis Of The Terms Of The Rady CBA.**

4         Section 301 of the LMRA provides a basis for federal jurisdiction and

5    authorizes federal courts to develop a federal common law of CBA interpretation.

6    *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988); *Textile Workers*

7    *Union v. Lincoln Mills*, 353 U.S. 448, 451, 456 (1957); *Local 174, Teamsters of Am.*

8    *v. Lucas Flour Co.*, 369 U.S. 95, 103-04 (1962).  To ensure *uniform interpretations of*

9    *collective bargaining agreements*, federal law preempts the use of state contract law in

10   collective bargaining agreement interpretation and enforcement.   *Lucas Flour Co.*,

11   369 U.S. at 103-04; *Lingle*, 486 U.S. at 411.

12        Although the language of Section 301 references "suits for violation of

13   contracts," no less authority than the United States Supreme Court has construed

14   Section 301 "quite broadly to cover most state-law actions that require interpretation

15   of labor agreements."  *Associated Builders & Contractors*, 109 F.3d at 1356-57.

16   Thus, Section 301 preempts state law claims if their evaluation is "inextricably

17   intertwined" with consideration of the terms of a labor contract (*Hayden v. Reickerd*,

18   957 F.2d 1506, 1509 (9th Cir. 1991)), or if those claims "are substantially dependent

19   on analysis and interpretation of a collective bargaining agreement. *See id.*; *Firestone*

20   *v. Southern Cal. Gas Co.*, 219 F. 3d 1063, 1065 (9th Cir. 2000); *see also Caterpillar,*

21   *Inc.*, 482 U.S. at 394.

22        To determine whether Section 301 preempts all or some of Plaintiff's claims,

23   the court must inquire whether "the claims can be resolved only by referring to the

24   terms of the collective bargaining agreement."  *Young v. Anthony's Fish Grotto, Inc.*,

25   830 F.2d 993, 999 (9th Cir. 1987); *Moreau v. San Diego Transit Corp.*, 210 Cal. App.

26   3d 614, 624 (1989) (the Court must "examin[e] the terms of the agreement, the

27   elements of the [claim] involved, and the facts which defendant may assert in defense"

28   to see if interpretation of the CBA is required to resolve Plaintiff's claims); *Hanks v.*

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                     10.

*General Motors Corp.*, 859 F.2d 67, 70 (8th Cir. 1988) (the affirmative defenses must be considered in determining whether resolution of the state law claim requires construing the collective bargaining agreement). If evaluation of a claim is inextricably intertwined with consideration of the terms of the labor contract, it is preempted and may be removed to federal court. In rendering this analysis, the court may properly look beyond the face of the Complaint to determine whether the claims are, in fact, Section 301 claims artfully pled to avoid federal jurisdiction. *See e.g., Young, supra*, 830 F.2d at 997; *Olguin, supra*, 740 F.2d at 1473.

The Ninth Circuit and courts within the Ninth Circuit have routinely maintained jurisdiction over ERISA plans that arose out of a CBA. *See Cinelli v. Sec. Pac. Corp.*, 61 F.3d 1437 (9th Cir.1995) (review of an ERISA plan where entitlement to benefits arose out of a CBA); *Krishan v. McDonnell Douglas Corp.*, 873 F. Supp. 345, 351 (C.D. Cal. 1994) (reviewing benefits under the CBA and ERISA); *Turner v. Local Union No. 302, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of America*, 604 F.2d 1219 (9th Cir.1979) (review of retirement benefits negotiated by Union were subject to § 301 of the LMRA.)

Here, the only manner in which Plaintiff's 403(b) claim can be adjudicated is by analyzing and interpreting the relevant provisions of the collective bargaining agreement that govern the withholding of funds or contributions to the employee's 403(b) ERISA retirement plan. In fact, the claims asserted in Plaintiff's Complaint are "founded directly on rights created by collective bargaining agreements" and/or are substantially dependent on analysis and interpretation of a collective bargaining agreement.[1] (Complaint ¶ 13.) Plaintiff asserts Defendant failed to comply with its obligations under the Rady CBA by making deductions greater than the amount he authorized. (Complaint ¶13.) To analyze Plaintiff's purported wage claims, therefore,

---

[1] Incidentally, Plaintiff also failed to adhere to the grievance procedure outlined in the Rady CBA which requires Plaintiff to file a grievance and, only if it is not remedied, may he proceed with his claims against Defendant in arbitration.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    11.

the Court will necessarily need to interpret various provisions of the Rady CBA. As such, Plaintiff's state law claims are completely preempted by Section 301.

## VI.
## SUPPLEMENTAL JURISDICTION

To the extent that either claim alleged in the Complaint may not be completely preempted by Section 301 of the LMRA or ERISA section 502(a), they are removable under 28 U.S.C. § 1441(c) and, pursuant to this Court's supplemental jurisdiction, under 28 U.S.C. § 1367. This Court has jurisdiction over such state law claim pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. §1367(a), as they are so related to the federal claims as to form part of the same case or controversy under Article III of the U.S. Constitution.

## VII.
## CONCLUSION

Accordingly, this lawsuit is one that may be removed to this Court by Defendant Rady Children's Hospital – San Diego pursuant to the provisions of 28 U.S.C. § 1441(a) and (c) and 1446 (a), (b) and (d), because this Court has jurisdiction over this matter pursuant to 28 U.S.C. section 1331.

Dated:   April 28 , 2014

DENISE M. VISCONTI
LITTLER MENDELSON, P.C.
Attorneys for Defendant
RADY CHILDREN'S HOSPITAL-
SAN DIEGO

Firmwide:126317393.1 059923.1013

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

12.