1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18

| | |
|---|---|
| DAVID SKILLIN, *on behalf of himself and other similarly situated current or former employees of Rady Children's Hospital - San Diego*,<br><br>                                    Plaintiff,<br><br>      v.<br><br>RADY CHILDREN'S HOSPITAL – SAN DIEGO,<br><br>                                    Defendant. | Case No.  14-cv-01057-BAS(BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>(ECF No. 6) |

19      On March 26, 2014, Plaintiff David Skillin ("Plaintiff") commenced this

20 representative action against Defendant Rady Children's Hospital – San Diego

21 ("Defendant") in San Diego Superior Court alleging claims for violation of California

22 Labor Code sections 221 through 224 and 226.  Defendant removed this action to

23 federal court on April 28, 2014 pursuant to 28 U.S.C. §§ 1331, 1441(a) and (c), and

24 1446 (a), (b), and (d) on the grounds of federal question jurisdiction.  (ECF No. 1.)

25 Defendant claims Plaintiff's causes of action substantially depend upon interpretation

26 of a collective bargaining agreement and are thus preempted under section 301 of the

27 Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and Plaintiff's

28 Complaint states a claim that falls under the preemptive scope of the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (*Id.*)

Plaintiff now moves to remand this action to Superior Court. (ECF No. 6.) Plaintiff further seeks attorney fees incurred in bringing the motion to remand. (*Id.*) Defendant also moves for judgment on the pleadings. (ECF No. 9.) The Court held oral argument on the motions on July 22, 2015. For the following reasons, the Court **GRANTS** Plaintiff's motion to remand and **DENIES** Plaintiff's request for attorneys' fees. As the case is remanded to Superior Court, Defendant's motion for judgment on the pleadings is moot.

## I.  BACKGROUND

Plaintiff has been employed by Defendant since 1997 as a Cardiovascular Technologist/Anesthesia Technologist. (ECF No. 1-3 ("Compl.") at ¶ 1.) Plaintiff is employed as a nonexempt employee in the "public housekeeping industry," as defined by Wage Order 5, Section 2(P). (*Id.* at ¶ 5.) Prior to February 7, 2014, Plaintiff alleges that he and other similarly situated current or former employees had the option of choosing to have either a percent of their salary or a fixed amount deducted from their paychecks and credited to their 403(b) retirement accounts. (*Id.* at ¶ 6.)

Plaintiff asserts that he chose the fixed amount option and provided written authorization for Defendant to deduct $700.00 per pay period for deposit into his 403(b) account. (*Id.* at ¶ 9.) He contends that other employees made the same election to have a fixed amount deducted. (*Id.* at ¶ 6.) Plaintiff further alleges that on or about January 19, 2014, Defendant implemented a change whereby deductions for employees' 403(b) retirement accounts became a percent of the employees' salaries at a percentage unilaterally determined by Defendant and implemented without written authorization by affected employees, including Plaintiff. (*Id.* at ¶ 7.) The change was allegedly communicated to affected employees via email on January 29, 2014. (*Id.*) Consequently, Plaintiff alleges Defendant deducted $1,351.21 from Plaintiff's paycheck on February 7, 2014, which was approximately 18% of his

salary, and thereafter at approximately 18% per paycheck, which consistently amounted to greater than $700.00 per pay period.  (*Id*. at ¶¶ 9-10.)

As a result of Defendant's actions, Plaintiff asserts that he is experiencing a severe negative cash flow seriously affecting his financial status and that, although the unauthorized deductions from his paycheck were credited to his 403(b) retirement account, he cannot withdraw the funds without significant penalties (*Id*. at ¶ 14.) Plaintiff also alleges that since February 7, 2014, Defendant has failed to provide him with full and accurate itemized wage statements as required by California Labor Code section 226.  (*Id*. at ¶¶ 16, 17.)  Plaintiff contends that other former and current employees have been similarly affected by Defendant's actions.  (*Id*. at ¶¶ 15, 17-18.)

Plaintiff commenced this action on March 26, 2014 as a representative action under California's Private Attorney General Act of 2004 ("PAGA"), Labor Code §§ 2698, *et seq.*, on behalf of himself and all current and former employees of Defendant who performed work for Defendant between January 1, 2014 and the present and who had unauthorized deductions made from their paychecks and who received inaccurate wage statements.  (*See id*. at ¶¶ 19-22.)  Plaintiff asserts two causes of action, the first for a violation of California Labor Code sections 221-224 and the second for a violation of California Labor Code section 226.  (*See id*. at ¶¶ 25-37.)

Defendant removed this action on April 28, 2014 based on federal question jurisdiction.  (ECF No. 1.)  In support of removal, Defendant attached a copy of a collective bargaining agreement between Defendant and United Nurses of Children's Hospital ("UNOCH") Technical Division (hereinafter referred to as the "CBA"). (ECF No. 1-2 at ¶ 2, Ex. A.)  The CBA was effective from July 1, 2013 through June 30, 2016.  (*Id.* at ¶ 2 and CBA.)  Defendant contends – and Plaintiff does not dispute – that Plaintiff is a member of UNOCH, a labor organization.  (*Id.* at ¶ 3.)

As a member of UNOCH, Plaintiff's employment is governed by the terms of the CBA, which references and incorporates a 403(b) plan in Article XVIII, entitled

"Retirement."  (CBA at p. 24.)   The parties do not dispute that the 403(b) plan constitutes an employee pension benefit plan under ERISA.  Defendant is the plan administrator and a fiduciary under the 403(b) plan.  (*See* ECF No. 11-1 at ¶ 3, Ex. B at § 1.51 and § 7.01(G).)   Article XVIII of the CBA provides, in relevant part, as follows:

> **Section 1801. Continuation of Plans:** Except as hereinafter provided, RCHSD shall maintain, during the term of this Agreement, for all employees who began employment prior to July 1, 2014, the defined benefit pension plan and the retirement savings plan that it had in effect on the effective date of this Agreement, or substantially equivalent plans. . . .

> **Section 1802. Eligibility:** The requirements for eligibility and participation in each such plan shall be governed by the terms of said plan and may be modified from time to time in accordance with the terms of the plans.

> **Section 1803. Current Retirement Savings Plan:** The Retirement Savings Plan in effect on the effective date of this Agreement provides for the following contributions based on completed years of service for eligible employees hired before June 30, 2014:

| Years of Service | Percentage of Total Employee/Contributions (up to a maximum of 8% of employee's total annual earnings to be matched by RCHSD) |
|---|---|
| 0-5 | 25% |
| 6-10 | 30% |
| 11-15 | 35% |
| 16-20 | 45% |
| 21-25 | 55% |
| 26+ | 65% |

(CBA at pp. 24-25.)

The CBA further provides that the agreement "fully and completely sets forth all existing understandings and obligations between the parties, that it constitutes the

– 4 –

entire agreement between the parties, and that it sets forth all of [Defendant's] responsibilities, duties and obligations to UNOCH and Bargaining Unit employees for the duration of th[e] [a]greement, and that *there are no understandings or agreements by the parties which are not expressly set forth in th[e] [a]greement*." (*Id.* at pp. 27-28 (Section 2302) (emphasis added).)

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Columbia Riverkeeper v. U.S. Coast Guard*, 761 F.3d 1084, 1091 (9th Cir. 2014).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," *Gaus*, 980 F.2d at 566, or "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction… ." 28 U.S.C. § 1447(c).

In general, a claim may only be removed on the basis of federal question jurisdiction if a federal issue appears on the face of the plaintiff's well-pleaded complaint. *See Okla. Tax Comm'n v. Graham*, 489 U.S. 838, 840-41 (1989). Thus, "the existence of a federal defense normally does not create statutory 'arising under'

jurisdiction." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) ("*Davila*") (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)).  However, an exception to the well-pleaded complaint rule allows for the removal of claims involving areas of the law Congress has statutorily preempted to the extent that "any civil complaint raising th[e] [preempted claim] is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).  "This is so because '[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.'"  *Davila*, 542 U.S. at 208 (quoting *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003)).

## III.   DISCUSSION

### A.   California Labor Law

Under California law, it is "unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."  Cal. Lab. Code § 221.  This right cannot "in any way be contravened or set aside by a private agreement, whether written, oral, or implied."  Cal. Lab. Code § 219(a).  "[I]n case of any wage agreement arrived at through collective bargaining" it is unlawful to withhold from an employee "any part of the wage agreed upon," although an employer may "withhold or divert any portion of an employee's wages . . . when a deduction to cover health and welfare or pension plan contributions is expressly authorized by a collective bargaining or wage agreement."  Cal. Lab. Code § 222, 224.  It is further unlawful, where a "statute or contract requires an employer to maintain the designated wage scale, … to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."  Cal. Lab. Code § 223.  In addition, every employer must provide its employees, either semimonthly or at the time of each payment of wages, "an accurate itemized statement in writing showing (1) gross wages earned, . . . (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

1    [and] (5) net wages earned . . . ."  Cal. Lab. Code § 226(a).

2        **B.    ERISA**

3        Congress enacted ERISA "as a comprehensive legislative scheme 'to promote

4    the interests of employees and their beneficiaries in employee benefit plans.'"  *WSB*

5    *Elec., Inc. v. Curry*, 88 F.3d 788, 791 (9th Cir. 1996) (quoting *Shaw v. Delta Air*

6    *Lines, Inc.*, 463 U.S. 85, 90 (1983)).  "By enacting such a broad scheme, Congress

7    also sought to protect employers by 'eliminating the threat of conflicting or

8    inconsistent State and local regulation of employee benefit plans.'"  *Id.* (quoting

9    *Shaw*, 463 U.S. at 99).

10       ERISA has two separate preemption doctrines, complete preemption under

11   Section 502(a), 29 U.S.C. § 1132(a), and conflict preemption under Section 514(a),

12   29 U.S.C. § 1144(a).  *Marin General Hosp. v. Modesto & Empire Traction Co.*, 581

13   F.3d 941, 944-46 (9th Cir. 2009).  Only complete preemption provides a basis for

14   federal question removal jurisdiction.  *Id.*  Therefore, on Plaintiff's motion to remand,

15   the only question before this Court is whether Plaintiff's state law claims are

16   completely preempted under Section 502(a), and thus whether the case was properly

17   removed from state to federal court.  If the asserted state law causes of action come

18   within the scope of Section 502(a)(1)(B), those causes of action are completely

19   preempted, and the only possible cause of action is under Section 502(a)(1)(B).  *Id.*

20   at 946.  In that event, a federal district court has federal question jurisdiction under

21   28 U.S.C. §§ 1331 (original jurisdiction) or 1441(a) (removal jurisdiction) to decide

22   whether the plaintiff has stated a cause of action under Section 502(a).  *Id.*

23       In order to determine whether an asserted state law cause of action comes

24   within the scope of Section 502(a), the following two-prong test is applied: "[a] state-

25   law cause of action is completely preempted if (1) 'an individual, at some point in

26   time, could have brought [the] claim under ERISA § 502(a)[],' and (2) 'where there

27   is no other independent legal duty that is implicated by a defendant's actions.'"  *Id.*

28   (quoting *Davila*, 542 U.S. at 210).  The two-prong test is conjunctive, in that a state

law cause of action is only preempted if both prongs are satisfied.  *Id.* at 947.

The first prong asks whether a plaintiff at some point in time could have brought his or her state law claim under Section 502(a).  *Id.* (citing *Davila*, 542 U.S. at 210.)  Section 502(a)(1)(B) empowers a participant or beneficiary of an ERISA plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  Thus, "[i]f a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits."  *Davila*, 542 U.S. at 210.  Under Section 502(a)(3), a participant, beneficiary, or fiduciary of an ERISA plan may also "enjoin any act or practice which violates any provision of this subchapter or the terms of the plan."  29 U.S.C. § 1132(a)(3).  "The question under the second prong of Davila is whether 'there is no other independent legal duty that is implicated by a defendant's actions.'"  *Marin*, 581 F.3d at 949 (quoting *Davila*, 542 U.S. at 210).  "If there is some other independent legal duty beyond that imposed by an ERISA plan, a claim based on that duty is not completely preempted under § 502(a)(1)(B)."  *Id.*

Here, Plaintiff brings a representative action on behalf of himself and current or former employees of Rady alleging violations of California Labor Code sections 221 through 224 and 226.  (*See* Compl. at ¶¶ 4, 25-37.)  Plaintiff alleges that Defendant withheld earned wages without proper authorization in violation of California law and failed to provide accurate itemized wage statements because of the improperly withheld wages, also in violation of California law.  Defendant first argues removal was proper because Plaintiff's claims "clearly implicate ERISA's remedial scheme and (at least arguably) could have been brought under ERISA section 502(a) permitting suits by ERISA plan participants for breach of fiduciary duty or violation of the terms of the ERISA plan."  (ECF No. 11 ("Opp.") at p. 14, line 27 to p. 15, line 2.)  In response, Plaintiff asserts that he has not alleged any

1  causes of action outlined in ERISA section 502(a).  (ECF No. 15 ("Reply") at p. 2.)

2  Plaintiff further asserts that he is not claiming any remedy provided by his ERISA

3  plan or by Section 502(a) in that he is not seeking a refund from his ERISA plan and

4  is not enforcing any benefit due under the plan.  (*Id*. at p. 4.)

5      Unlike *Davila* and *Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222 (9th Cir.

6  2005), in which the Supreme Court and the Ninth Circuit found complete preemption

7  under section 502(a)(1)(B), this case does not involve the denial of coverage for

8  medical care.  In *Davila*, the Supreme Court, after review of the applicable complaint,

9  state statute, and various plan documents, found that "[i]t is clear . . . that respondents

10  complain only about denials of coverage promised under the terms of ERISA-

11  regulated employee benefit plans."  *Davila*, 542 U.S. at 212.  Thus, upon the denial

12  of benefits, the Supreme Court found "respondents could have paid for the treatment

13  themselves and then sought reimbursement through a § 502(a)(1)(B) action, or sought

14  a preliminary injunction."  *Id*.  In finding complete preemption, both the Supreme

15  Court in *Davila* and the Ninth Circuit in *Cleghorn* relied on the fact that the only

16  factual basis for relief pleaded in each complaint was the refusal to be reimbursed for

17  the emergency medical care that was received, and any duty or liability that the plan

18  provider had to reimburse the individual only existed because of the provider's

19  administration of an ERISA-regulated benefit plan.  *See id*. at 211-12; *Cleghorn*, 408

20  F.3d at 1225-26.

21      Here, Plaintiff has not been denied a benefit promised to him under the terms

22  of his ERISA-regulated plan.  Plaintiff is entitled to his full wages by virtue of

23  California law, unless he, or the CBA, expressly authorize otherwise.  *See* Cal. Lab.

24  Code §§ 221, 222, 224.  No provision of the CBA expressly authorizes the deduction

25  at issue, as the CBA is silent on the issue of deductions.  Plaintiff is also not seeking

26  to enforce his rights under the plan, or clarify any of his rights or future benefits under

27  the plan.  Moreover, any duty or liability that Defendant has not to deduct an amount

28  greater than the amount authorized does not exist only because of Defendant's

1    administration of an ERISA-regulated plan.  Rather, Defendant's alleged duties or

2    liabilities arise independently from state law.  Thus, the Court finds that neither prong

3    has been satisfied and Plaintiff' state law claims do not come within the scope of

4    Section 502(a).

5            Defendant's primary argument in support of complete preemption relies on a

6    section 514(a) analysis.  Defendant argues that "both the federal courts and the

7    Department of Labor have found that state laws that regulate deductions made from

8    employee earnings are preempted by ERISA when the statutes are sought to be

9    applied to deductions made to fund an ERISA plan."  (Opp. at p. 11.)  In support of

10   this argument, Defendant cites almost in full a Department of Labor opinion letter

11   examining a Kentucky statute similar to California Labor Code sections 221-224, and

12   finding conflict preemption under Section 514(a).  (*Id.* at pp. 11-13.)  Defendant also

13   cites an unpublished Fourth Circuit decision, *Jackson v. Wal-Mart Stores, Inc.*, 24 F.

14   A'ppx. 132 (4th Cir. 2001), finding that ERISA preempted the application of a South

15   Carolina statute on the basis of conflict preemption (*id.* at p. 13), and requests judicial

16   notice of two Department of Labor Advisory Opinions also finding preemption under

17   Section 514(a) (ECF No. 12).  However, as discussed above, only complete

18   preemption provides a basis for this Court's jurisdiction.  "[A] defense of conflict

19   preemption under § 514(a) does not confer federal question jurisdiction on a federal

20   district court."  *Marin*, 581 F. 3d at 945.

21           Given the foregoing, the Court finds that ERISA does not completely preempt

22   Plaintiff's complaint, and therefore does not provide a basis for removal.

23   **C.    LMRA**

24           Defendant also removed this matter on the ground that Plaintiff's claims are

25   preempted under section 301 of the LMRA "since Plaintiff's claims substantially

26   depend upon the interpretation of a collective bargaining agreement."  (ECF No. 1 at

27   pp. 1-2.)  "Section 301 is on its face a jurisdictional statute, under which '[s]uits for

28   violation of contracts between an employer and a labor organization representing

– 10 –

14cv1057

1   employees in an industry affecting commerce . . . , may be brought in any district

2   court of the United States having jurisdiction of the parties.'"  *Cramer v. Consol.*

3   *Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001) (citing 29 U.S.C. § 185(a)); *see*

4   *also Local 159, 342, 343 & 444 v. Nor-Cal Plumbing, Inc.*, 185 F. 3d 978, 984 (9th

5   Cir. 1999).   The LMRA completely preempts "claims founded directly on rights

6   created by collective-bargaining agreements, and also claims substantially dependant

7   on an analysis of a collective bargaining agreement."   *Cramer*, 255 F.3d at 689

8   (internal quotations and citation omitted); *see also Balcorta v. Twentieth Century-*

9   *Fox Film Corp.*, 208 F. 3d 1102, 1107-08 (9th Cir. 2000).

10          However, "not every claim which requires a court to refer to the language of a

11   labor-management agreement is necessarily preempted."  *Balcorta*, 208 F. 3d at 1108

12   (quoting *Associated Builders & Contractors, Inc. v. Local 302 Intern. Broth. of Elec.*

13   *Workers*, 109 F. 3d 1353, 1357 (9th Cir. 1997)).   "In order to help preserve state

14   authority in areas involving minimum labor standards, the Supreme Court has

15   distinguished between claims that require interpretation or construction of a labor

16   agreement and those that require a court simply to 'look at' the agreement."  *Id.*

17   (citing *Livadas v. Bradshaw*, 512 U.S. 107, 123-26 (1994)).

18          Plaintiff argues that he does not bring a claim for breach of the CBA or any

19   specific provision of the CBA, and that he does not claim that Defendant violated any

20   rights granted to him by the CBA.  (ECF No. 6-1 ("Mot.") at p. 16.)  Rather, Plaintiff

21   contends his "claims arise solely under California's state wage and hour laws."  (*Id.*

22   at line 26.)  Plaintiff further asserts that "an interpretation of the CBA is not required."

23   (Reply at p. 6, lines 21-22.)

24          In response, Defendant first argues that Plaintiff alleges violations of the CBA

25   because the complaint asserts that the wage deductions at issue are not authorized by

26   the CBA.  (Opp. at pp. 18-19.)   However, the complaint does not allege that

27   Defendant violated the CBA, only that the CBA does not expressly authorize the

28   deductions at issue.  (*See* Compl. at ¶ 13 ("None of [Defendant's] collective

– 11 –

bargaining agreements authorize [Defendant] to make deductions greater than the amount authorized by the employee.")  This allegation is relevant only because under California law, an employer is prohibited from withholding any part of a wage agreed upon, unless that deduction is "*expressl*y authorized by a collective bargaining or wage agreement."  *See* Cal. Lab. Code §§ 222, 224 (emphasis added).  Thus, the Court does not find that Plaintiff alleges a violation of the CBA.

Defendant next argues that resolution of Plaintiff's claims will require interpretation and application of the CBA to determine whether the CBA expressly authorized the deductions at issue.  (Opp. at pp. 19-21.)  During oral argument, Defendant, acknowledging that the CBA is silent on the issue, asserted that its right to deduct more than Plaintiff authorized is "implied" in the CBA, and that it is an arbitrator's role to interpret the CBA and determine this implied right.  In support of this argument, Defendant has requested that the Court take judicial notice of a July 7, 2015 Arbitrator's Opinion and Award rendered in an arbitration dispute between Defendant and UNOCH.  (*See* ECF No. 20.)[1]  The arbitrator was asked to determine whether Defendant violated Section 1801 of the CBA "when it unilaterally changed the manner in which the employees contributed to their 403(b) retirement savings plans from a flat-dollar contribution to a percentage contribution on January 19, 2014."  (*Id.* at p. 2.)  The arbitrator ultimately determined that Defendant "did not violate Section 1801 of UNOCH CBAs by its unilateral change to the employees' 403(b) Retirement Savings Plan wherein it eliminated the flat-dollar contribution."  (*Id* at p. 15.)  The arbitrator also determined that "[n]otwithstanding [Defendant] having acted within its contractual rights to eliminate the flat-dollar option, it is evident the Hospital failed to deduct appropriate contributions.  For one or more bargaining-employees, entirely too little or too much money was deducted."  (*Id.* at

---

[1]     The Court takes judicial notice of the Arbitrator's Opinion and Award.  *See Klahn v. Quizmark, LLC*, No. C 13-1977 MMC, 2013 WL 4605873, at *1, n.4 (N.D. Cal. Aug. 28, 2013); Fed. R. Evid. 201.

1  p. 14.)

2  While Defendant requested judicial notice of this Opinion and Award for the

3  purpose of demonstrating that interpretation of the CBA is required to resolve the

4  claims in Plaintiff's complaint, the issue presented to the arbitrator is not the issue

5  before this Court.  And as the arbitrator pointed out, regardless of whether or not

6  Defendant acted within its contractual rights to eliminate the flat-dollar contribution

7  option, Defendant still failed to deduct the appropriate, authorized contributions.

8  Plaintiff here alleges Defendant deducted entirely too much money – more than the

9  amount authorized – in violation of California law.  Neither the CBA nor the

10 arbitrator's Opinion and Award suggest that interpretation and application of the

11 CBA is required to determine whether Defendant deducted more than the authorized

12 amount.

13 Moreover, an "implied" authorization to deduct wages is insufficient.  *See* Cal.

14 Lab. Code §§ 219(a), 221, 224.  Thus, the Court finds interpretation of the CBA,

15 which is notably silent on the issue, will not be required to determine whether the

16 wage deductions at issue are authorized by the CBA, and thus whether Defendant is

17 liable on Plaintiff's claims.

18 For the foregoing reasons, the Court finds that Plaintiff's complaint is not

19 preempted by section 301 of the LMRA.

20 **D.    Attorney's Fees and Costs**

21 "An order remanding the case may require payment of just costs and any actual

22 expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. §

23 1447(c).   The standard for awarding fees turns on the "reasonableness of the

24 removal."  *Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005).  "Absent

25 unusual circumstances, courts may award attorney's fees under § 1447(c) only where

26 the removing party lacked an objectively reasonable basis for seeking removal."  *Id*.

27 A district court retains the "discretion to consider whether unusual circumstances

28 warrant a departure from the rule in a given case."  *Id.*  Here, the Court does not find

1  that Defendant lacked an objectively reasonable basis for seeking removal, and

2  therefore declines to award attorney's fees and costs under 28 U.S.C. § 1447(c).

3  **IV.    CONCLUSION & ORDER**

4       For the foregoing reasons, Plaintiff's motion to remand is **GRANTED**.  The

5  Clerk of Court is **DIRECTED** to remand this action to San Diego Superior Court.

6       **IT IS SO ORDERED.**

7

8  **DATED:  August 7, 2015**

9                                                       **Hon. Cynthia Bashant**
                                                        **United States District Judge**
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

– 14 –

14cv1057